# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**MINGUS CONSTRUCTORS INC.**
an Arizona corporation,

       **Plaintiff/Counterdefendant,**

v.                                                                    CIV No. 98-1356 JP/RLP

**SIGMA INDUSTRIES, INC.**
a Colorado corporation,

       **Defendant/Counterclaimant.**

## MEMORANDUM OPINION AND ORDER

On January 26, 1999, Plaintiff filed a Motion to Remand (Doc. No. 5). After a thorough review of the pleadings filed in this case and the applicable law, I conclude that Plaintiff's motion is well taken and should be granted.

### Background

In July, 1998, Plaintiff Mingus Constructors, Inc. ("Mingus") filed suit against Defendant Sigma Industries, Inc. ("Sigma") for breach of contract in the Superior Court of Arizona in the County of Yavapai. On August 26, 1998, Sigma filed an answer and counterclaim against Mingus and Mingus' bonding company, Travelers Property and Casualty Company ("Travelers"). In its counterclaim, Sigma alleged breach of contract and also sought recovery against Mingus and Travelers on the statutory payment bond posted by Mingus under 40 U.S.C. § 270a. On September 3, 1998, Mingus and Travelers filed a motion to dismiss Sigma's payment bond claim

on the ground that under 40 U.S.C. § 270b, exclusive jurisdiction lay with the United States District Courts. On October 5, 1998, the Arizona Superior Court granted the motion to dismiss. On October 30, 1998, Sigma removed this action to this court, and Mingus filed a motion to remand on January 26, 1999.

**Legal Standard**

Federal court jurisdiction is to be strictly construed. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941). "[T]here is a presumption against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.), *cert denied*, 516 U.S. 863 (1995). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The removing party bears the burden of establishing that removal was properly accomplished. *Id*.

**Analysis**

Mingus argues that this case should be remanded for numerous reasons. First, under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446(a), Sigma could not remove to the United States District Court of the District of New Mexico because this action had been pending in the Superior Court of Arizona in the County of Yavapai, which is not within the District of New Mexico. Second, Sigma failed to timely file its notice of removal as required by 28 U.S.C. § 1446(b). Third, removal is barred by 28 U.S.C. § 1441 because this court did not have original jurisdiction over this action. Fourth, Sigma's response fails to refute Mingus' arguments that removal was improper under 28 U.S.C. § 1441(a), 28 U.S.C. 1446(a), and 28 U.S.C. § 1446(b), which constitutes consent to grant the motion to remand. D.N.M.LR-Civ 7.5(b). And fifth, Mingus asserts that Sigma has failed to retain counsel as required by Local Rule D.N.M.LR-Civ 83.7.

*Removal to this court was improper*

Under 28 U.S.C. § 1441(a) and 28 U.S.C. 1446(a), it is clear that an action can only be removed from state court to the United States District Court in which the action is pending. *See* 28 U.S.C. § 1441(a) (A civil action over which "the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending."); 28 U.S.C. § 1446(a) ("A defendant . . . desiring to remove any civil action . . . from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . ."). Because the United States District Court for the District of New Mexico does not embrace Yavapai County, Arizona, Sigma's removal to this court was improper and Mingus' motion to remand should be granted.

*Sigma did not timely file its notice of removal*

Mingus' motion to remand should also be granted because Sigma's notice of removal was untimely. Timeliness of removal is governed by 28 U.S.C. § 1446(b), which states in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the Sigma, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . .
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the Sigma, through service or otherwise, of a copy of the amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

The thirty-day time limitation is mandatory and strictly construed. *See McCain v. Cahoj*, 794 F.

3

Supp. 1061, 1062 (D. Kan. 1992).

Here, Mingus sent a copy of the complaint to Sigma on July 28, 1998. (Copy of Verified Complaint, Ex. A attached to Sigma's Notice of Removal.) On August 26, 1998, Sigma filed its answer and counterclaim. Not until October 30, 1998, which was well after the thirty day period provided by 28 U.S.C. § 1446(b), did Sigma file its notice of removal. Based on these facts, Mingus argues that Sigma's removal was untimely. In its Response, Sigma failed to respond to this argument in any manner, except to state that it filed its notice of removal with this court within thirty days of the state court order dismissing Count II of Sigma's counterclaim.

The date of issuance of the state court order dismissing a portion of Sigma's counterclaim, however, is irrelevant under 28 U.S.C. § 1446(b) because it did not create any new grounds for removal. Thus, Sigma has failed to show that it timely filed its notice of removal with this court as required by 28 U.S.C. § 1446(b).

*Original Jurisdiction*

Under 28 U.S.C. § 1441, an action may be removed to a United States district court that has original jurisdiction. Sigma, however, has failed to establish that this court has original jurisdiction over this action under the diversity statute, the federal question statute, or any other statute.

Neither the amount requested by Mingus in its complaint, nor the amount Sigma sought in its counterclaim, exceeds $75,000.00. Therefore, this court does not have original jurisdiction under 28 U.S.C. § 1332.

Sigma appears to allege that this court has jurisdiction under the federal question statute, 28 U.S.C. § 1331, and 40 U.S.C. § 270, which is the Miller Act. (Response at 2-3.) The court

disagrees because it appears that Sigma is barred from bringing suit under the Miller Act by the statute of limitations contained in 40 U.S.C. § 270b(b). That provision states that no suit brought under 40 U.S.C. § 270 "shall be commenced after the expiration of one year after the day on which the last of the labor was performed or material was supplied . . . ." 40 U.S.C. § 270b(b). Neither Sigma's response, nor its answer and counterclaim, specifically alleges the last day on which Sigma supplied labor or materials to Mingus. However, the "Affidavit of Claim" which is attached to Sigma's response, Ex. B, suggests that the last date on which Sigma supplied labor or material to Mingus was February 26, 1997.

Because Sigma failed to file suit asserting a claim under 40 U.S.C. § 270 in federal court within a year of February 26, 1997, this court has no original jurisdiction. Nor did Sigma's filing of its counterclaim in state court, even if that filing had been within a year of February 26, 1997, toll the one year limitation period. *See U.S. for Use and Ben. Of Harvey Gulf Intern. Marine, Inc. v. Maryland Cas. Co.*, 573 F.2d 245, 247 (5th Cir. 1978 ) (rejecting argument that filing of suit in state court tolled the limitations period of 40 U.S.C. § 270b(b) because the "rights created by the Miller Act are federal in nature and scope").

*Sigma's Failure to respond to Mingus' arguments*

In its response, Sigma failed to respond to Mingus' arguments that this case was improperly removed under 28 U.S.C. § 1441 and 1446. Sigma's failure to do so constitutes consent to grant Mingus' motion. *See* D.N.M.LR-Civ 7.5(b) (failure to file "a response in opposition to any motion constitutes consent to grant the motion"); *Gutierrez v. Deming Public Schools*, 89 F.3d 850, 1996 WL 364617 (10th Cir. 1996) (plaintiff's failure to respond to motion to dismiss justified dismissal of plaintiff's complaint).

*Failure to obtain counsel*

Finally, although this court granted Sigma an extension of time in which to do so, Sigma failed to obtain counsel as required by the Local Rules. *See* D.N.M.LR-Civ 83.7 ("A corporation . . . must be represented by an attorney authorized to practice before this Court.").

In sum, Sigma has failed to meet its burden of establishing that it properly removed this action. *Gaus*, 980 F.2d at 566. Therefore, Mingus' motion to remand should be granted. *See id.* ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

IT IS THEREFORE ORDERED that Mingus' Motion to Remand (Doc. No. 5) is GRANTED.

_____
UNITED STATES DISTRICT JUDGE